J-S70025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH DYSON | |
| Appellant | No. 1112 EDA 2014 |

Appeal from the PCRA Order February 12, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005936-1992

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED NOVEMBER 21, 2014**

Appellant, Joseph Dyson, appeals from the February 12, 2014 order dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows.  On March 10, 1993, Appellant entered a guilty plea to murder, robbery, possession of an instrument of a crime (PIC), possession of a firearm, and carrying a firearm without a license.[1]  Following a degree-of-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501, 3701(a)(1)(i), 907(a), 907(b) and 6106, respectively.

guilt hearing, the trial court found Appellant guilty of first-degree murder.[2] On June 24, 1993, the trial court imposed an aggregate sentence of life imprisonment. Appellant did not file a direct appeal with this Court. Thereafter, Appellant filed a PCRA petition on July 6, 1994. After several ancillary issues were resolved, the PCRA court ultimately denied Appellant's PCRA petition. Appellant appealed, and this Court affirmed in all aspects except with respect to his claim that prior counsel was ineffective for not filing a direct appeal. **Commonwealth v. Dyson**, 776 A.2d 1004 (Pa. Super. 2001) (unpublished memorandum at 8). This Court remanded to the PCRA court to conduct an evidentiary hearing limited to that issue. **Id.** A hearing was held, at the conclusion of which the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a notice of appeal to this Court. This Court affirmed Appellant's judgment of sentence on October 30, 2001. **Commonwealth v. Dyson**, 792 A.2d 612 (Pa. Super. 2001), *appeal denied*, 800 A.2d 931 (Pa. 2002). Our Supreme Court denied Appellant's petition for allowance of appeal on June 12, 2002. Appellant did not seek a writ of *certiorari* from the United States Supreme Court. Thereafter, Appellant filed an unsuccessful PCRA petition in 2003.

On August 24, 2012, Appellant filed the instant PCRA petition. Appellant filed an amended PCRA petition on August 19, 2013. Appellant

---

[2] 18 Pa.C.S.A. § 2502(a).

filed another amendment to his PCRA petition, titled as an amended *habeas corpus* petition on January 3, 2014. On January 16, 2014, the PCRA court entered an order notifying Appellant of its intention to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 6, 2014, Appellant filed his response to the PCRA court's Rule 907 notice.[3] On February 12, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition. On March 13, 2014, Appellant filed a timely notice of appeal.[4]

---

[3] Although Appellant's response to the PCRA court's Rule 907 notice is docketed on February 7, 2014, the physical copy of said response in the certified record is file-stamped February 6, 2014. However, "[a]lthough the trial court docket is part of the official record, when it is at variance with the certified record it references, the certified record controls." **Shelly Enters., Inc. v. Guadagnini**, 20 A.3d 491, 494 (Pa. Super. 2011). Therefore, we consider Appellant's response filed on February 6, 2014.

[4] On March 14, 2014, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days. Therefore, Appellant's Rule 1925(b) statement was due Friday, April 4, 2014. Although Appellant's statement is file-stamped Monday, April 7, 2014, it is docketed twice, once on April 4 and once on April 7. As it is plausible that said statement was received on April 4, 2014, we decline to find total waiver of all issues on appeal for failure to timely file a Rule 1925(b) statement. **See, e.g.**, **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (stating, regarding a notice of appeal, "[a]lthough the record is bereft of the envelope in which the notice of appeal was mailed, and thus lacks a postmark definitively noting the date of mailing, we note that September 23rd and 24th were weekend days. Thus, in order for the trial court to have received the notice of appeal by September 25th, it is likely that Appellant mailed his notice of appeal on or before September 22nd. Accordingly, we decline to quash the appeal for untimeliness[]").

On appeal, Appellant raises the following two issues for our review.

> A. Whether the imposition of a mandatory minimum sentence of life without parole from an invalid plea-based conviction violated Appellant's right to notice and trial by jury under the Sixth and Fourteenth Amendment as interpreted by **Alleyne v. United States**, 133 S. Ct. 2151 (2013)?
>
> B. Whether Appellant is eligible for *habeas corpus* relief where he was denied a full and fair opportunity to litigate his claims in his first [PCRA] process and no remedy exists under the PCRA to remedy post-conviction procedures that were inadequate to vindicate a defendant's liberty interest?

Appellant's Brief at 5.

We elect to address Appellant's second issue first. Appellant avers that he is entitled to *habeas* relief outside of the PCRA. Appellant's Brief at 37. Appellant also argues that "[i]f the PCRA were to only deal with claims that are retroactive, the PCRA would be unconstitutional as applied to Appellant because he would have no remedy under the PCRA to remedy the violations of his constitutional rights." **Id.**

Our Supreme Court has held that the PCRA "subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." **Commonwealth v. Hackett**, 956 A.2d 978, 985 (Pa. 2008) (italics added), *cert. denied*, **Hackett v. Pennsylvania**, 556 U.S. 1285 (2009). The PCRA by its own text states that it is the sole vehicle for collaterally attacking a conviction or sentence.

> This subchapter provides for an action by which persons convicted of crimes they did not commit and

persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including *habeas corpus*** and *coram nobis*. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S.A. § 9542 (emphasis and italics added). We also observe that the *habeas corpus* statute provides that "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." ***Id.*** § 6503(b) (italics added). The PCRA allows numerous grounds for collateral relief, including the following.

**§ 9543. Eligibility for relief**

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

…

- 5 -

> > (2) That the conviction or sentence resulted from one or more of the following:
> >
> > …
> >
> > > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> > >
> > > …
> > >
> > > (vii) The imposition of a sentence greater than the lawful maximum.
> > >
> > > …

42 Pa.C.S.A. § 9543(a); *see also Commonwealth v. Infante*, 63 A.3d 558, 365 (Pa. Super. 2013) (stating, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto[]").

The balance of Appellant's argument on appeal is that "the imposition of a mandatory minimum sentence of life without parole from an invalid plea-based conviction violated Appellant's right to notice and trial by jury under the Sixth and Fourteenth Amendments as interpreted by *Alleyne* [] as well as his corresponding rights under the Pennsylvania Constitution." Appellant's Brief at 28. This Court has recently held that claims pertaining to *Alleyne* implicate the legality of the sentence. *Commonwealth v.*

*Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*); **accord** **Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013). As a result, Appellant's claims fall squarely within the parameters of the PCRA. Therefore, we reject Appellant's arguments that he may seek *habeas* relief outside of the PCRA.

Having determined that Appellant's issue falls within the boundaries of the PCRA, we note our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a

petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Roney***, ***supra*** at 605 (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, --- A.3d ---, 2014 WL 5096348 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of

equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been

- 9 -

> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on June 24, 1993, this Court affirmed the judgment of sentence on October 30, 2001, and our Supreme Court denied *allocatur* on June 12, 2002. Therefore, Appellant's judgment of sentence became final on September 10, 2002, when the period for Appellant to file a petition for a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). Therefore,

Appellant had until September 10, 2003 to timely file his PCRA petition. Appellant filed the instant petition on August 24, 2012. As a result, it was patently untimely.

However, Appellant avers that the time-bar exception at Section 9545(b)(1)(iii) applies. Appellant's Brief at 28. Specifically, Appellant avers that the United States Supreme Court's decision in *Alleyne* announced a new constitutional right that applies retroactively. *Id.* at 28-30; *see also* Appellant's Amended PCRA Petition, 8/19/13, at 4.

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Seskey*, *supra* at 242-243 (citations omitted).

As noted above, Appellant argues that *Alleyne* announced a new constitutional right that applies retroactively. Appellant's Brief at 28-30. In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found

- 11 -

beyond a reasonable doubt. *Alleyne*, *supra* at 2163. However, this Court recently held that *Alleyne* does not satisfy the new constitutional right exception to the time-bar, as neither our Supreme Court nor the United States Supreme Court has held that *Alleyne* applies retroactively to cases on collateral review. *Commonwealth v. Miller*, --- A.3d ---, 2014 WL 4783558, *5 (Pa. Super. 2014). Therefore, Appellant cannot avail himself of the time-bar exception, and the PCRA court was without jurisdiction to consider the merits of his petition. *See Lawson*, *supra*; *Seskey*, *supra*.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's February 12, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014