COMMONWEALTH of Pennsylvania,
Appellee

v.

Albert J. MINCAVAGE, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 14, 2008.

Filed March 14, 2008.

Kent D. Watkins, St. Clair, for appellant.

James P. Goodman, Assistant District Attorney, Pottsville, for Commonwealth, appellee.

BEFORE: ORIE MELVIN, LALLY-GREEN, JJ. and McEWEN, P.J.E.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Albert Mincavage, appeals from the judgment of sentence imposed following his conviction of possession of a controlled substance, possession of a controlled substance with intent to deliver, and possession of drug paraphernalia.[1] Upon review, we quash the appeal.

¶ 2 The trial court aptly summarized the factual background of this case as follows.

On February 24, 2006, [Appellant] was under parole supervision in Schuykill County for a sentence previously imposed on charges of delivery of a controlled substance. On that date, between 12:00 noon and 2:00 p.m., Michael Hayes, an officer of the Schuykill County Adult Probation and Parole Department, spoke to Officer Keith Verbilla of the Tamaqua Police Department, inquiring about persons in Tamaqua then under probation/parole supervision. During their conversation, Officer Verbilla told Officer Hayes that police suspected [Appellant], a Tamaqua resident, of selling drugs, and, that Tamaqua police had completed a "controlled buy" involving [Appellant] on a prior date. (The date of the referenced controlled buy involving cocaine, was established as having been December 5, 2005.)

Officer Verbilla also told Officer Hayes that police believed [Appellant] was

---

1. 35 P.S. §§ 780–113(a)(16), (a)(30), and (a)(32), respectively.

bringing large quantities of cocaine into Tamaqua by traveling from New York on Friday evenings with the substances, which [Appellant] would then cut/break down and distribute in smaller quantities in barrooms throughout the Tamaqua area. Officer Verbilla further stated to Officer Hayes that police had "good" information that [Appellant] was going to New York on that day—Friday, February 24, 2006—for cocaine.

Officer Verbilla had received the latter information from a registered confidential informant upon whom police had relied previously for information and leads, which had been proven to be correct. Officer Verbilla believed the informant, a drug user, was a "concerned citizen." In addition, Officer Verbilla had been aware that other people had claimed that [Appellant] was involved in drug activity and police had an open investigation into [Appellant's] activities for about six months.

Officer Hayes told Officer Verbilla that he would relay the information provided by the latter to [Appellant's] parole officer, Robert Verbosh, and determine if the Probation/Parole Department supervisor would authorize a search of [Appellant] and his property. Officer Hayes promptly provided Officer Verbilla's information to Officer Verbosh, who previously had received several anonymous calls indicating that [Appellant] had been in possession of and dealing controlled substances, with the most recent call he had received being in January, 2006.

After a search of [Appellant] and his property had been authorized by a probation/parole supervisor later in the day of February 24, 2006, Tamaqu police were contacted for assistance by Officer Verbosh, who advised that Probation/Parole offices desired to conduct a search of [Appellant] and his home that eve-

ning, and, requested that Probation/Parole be contacted if Tamaqua police found [Appellant]. While en route to [Appellant's] home at approximately 9:00 p.m. that evening, Officer Hayes and Verbosh were notified that [Appellant] had been located by Officer Woods of the Tamaqua Police Department at Hope's Mini–Mart in Tamaqua. Officer Hayes and Verbosh responded to the mini-mart, where [Appellant] had driven and then parked his vehicle, arriving about five minutes after receiving the call from Tamaqua police.

Brad Welker, a passenger in [Appellant's] vehicle, had exited the vehicle and entered the mini-mart. Upon Welker's exit from the mini-mart, he attempted to leave the area, but was detained and found to possess about one-half ounce of suspected cocaine and $195.00. Upon searching [Appellant]s vehicle—driven by and registered in[Appellant's] name—an approximate one ounce solid piece of cocaine was found in a cigarette pack located in the console between the driver's seat and front passenger's seat, and, a digital scale was found on the floor behind the passenger seat. [Appellant] subsequently was taken to the Tamaqua police station where an inventory revealed that [Appellant] possessed in excess of $2,125.00 and two cell phones. A digital scale was also recovered by Probation/Parole from [Appellant's] home that evening.

Trial Court Opinion, 8/4/06, at 2–4 (footnote omitted). Following his arrest, Appellant filed an omnibus pre-trial motion which included a request to suppress the evidence obtained as a result of the search on February 24, 2006. The trial court conducted a hearing on June 30, 2006, at which time the Commonwealth presented testimony by Officer Hayes and Officer Verbilla. The parties also submitted as

joint exhibits the transcripts of the preliminary hearings held on April 11, 2006 and June 20, 2006. Following the hearing, the trial court denied Appellant's motion, and the matter proceeded to a jury trial. Appellant was convicted of the aforementioned offenses, and, after appointment of new counsel, he was sentenced on April 30, 2007 to an aggregate term of incarceration of 5–10 years.

¶ 3 Appellant next filed a *pro se* notice of appeal which was docketed on May 7, 2007. Certified Record (C.R.) at 35. The record does not indicate that counsel was informed of this filing, but it instead was forwarded to the Prothonotary of this Court. The next day, May 8, 2007, counsel for Appellant filed a post-sentence motion which challenged the suppression ruling and the weight of the evidence and also raised several claims of ineffective assistance of counsel. *Id.* at 36. Counsel reserved the right to raise supplemental issues following receipt of the trial transcript. *Id.* On May 18, 2007, counsel for Appellant filed a supplemental post-sentence motion. *Id.* at 39. The trial court declined to rule on the post-sentence motions, concluding that it lacked jurisdiction in light of the prior notice of appeal. *Id.* at 40, 41. Notice of the orders making this determination was provided to both Appellant and his counsel on May 22, 2007.[2]

¶ 4 On May 25, 2007, the trial court ordered the clerk of courts to docket a *pro se* handwritten document from Appellant dated May 22, 2007, wherein he asserted that his *pro se* filing should not have operated to perfect an appeal in this Court but rather should have merely been docketed and forwarded to his counsel of record pursuant to Pa.R.Crim.P. 576. *Id.* at 42. The record does not establish that this May 22, 2007 *pro se* document was actually forwarded to Appellant's counsel after docketing. Counsel has, however, filed a brief with this Court addressing the issues presented in his post-sentence motions.[3] Appellant's claims include a challenge to the weight of the evidence which, as noted, the trial court determined it lacked jurisdiction to entertain.

¶ 5 Before we proceed to the merits of Appellant's contentions, the procedural irregularities that occurred here require us to first ascertain whether we have jurisdiction over the appeal, which is a matter this Court may raise *sua sponte*. *Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super.2007).

¶ 6 The Rules of Criminal Procedure are clear that where a defendant has filed a timely post-sentence motion, the notice of appeal is to be filed within 30 days of entry of the order deciding the motion or memorializing withdrawal of the motion. Pa.R.Crim.P. 720. The Explanatory Comment to this Rule further addresses the situation wherein a defendant files a notice of appeal prior to the filing by the Commonwealth of a timely motion to modify sentence under Rule 721(B)(1). In that event, "the defendant's notice of appeal is rendered premature, because the entry of the order disposing of the Commonwealth's motion to modify sentence then becomes the triggering device for the defendant's notice of appeal." Pa. R.Crim.P. 720, Comment.

¶ 7 In the instant case, we recognize that it is Appellant himself who filed his notice

---

2. In the meantime, the trial court directed Appellant to file and serve on the trial judge a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925. C.R. at 38. Counsel filed a Rule 1925(b) statement on June 15, 2007. *Id.* at 43.

3. We note that the Commonwealth has not filed a brief in this appeal.

of appeal prior to the filing of a timely post-sentence motion by his counsel. Nevertheless, we conclude that this rationale applies with equal vigor regardless of who filed the timely post-sentence motion particularly where, as here, the appellant is acting *pro se* and without the knowledge of his counsel, and, further, the clerk of the trial court failed to follow the dictates of Pa.R.Crim.P. 576(A)(4). That Rule provides:

> (4) In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576(A)(4), 42 Pa.C.S.A. Here, had the clerk of the trial court forwarded Appellant's *pro se* notice of appeal to his counsel, then counsel could have taken appropriate steps to ensure that the trial court ruled on the post-sentence motions before the appeal was perfected. At the very least, counsel's efforts to preserve Appellant's weight of the evidence challenge would have been successful.[4]

¶ 8 We find our disposition in *Commonwealth v. Borrero*, 692 A.2d 158 (Pa.Super.1997), provides further guidance in our disposition. There, the appellant was convicted of aggravated assault, and, after sentencing, he filed timely post-sentence motions. However, the appellant filed a notice of appeal before disposition of his post-sentence motions or

denial by operation of law. This Court quashed the appeal and remanded for further proceedings, reasoning that the judgment of sentence was not a final appealable order until the post-sentence motions were disposed of on the merits or by operation of law. Because we found the appellant's notice of appeal had been filed prematurely, we determined that the appeal was taken from an interlocutory judgment of sentence and that this Court lacked jurisdiction over the appeal from a nonfinal judgment. We also explained that

> [t]he fundamental purpose underlying the filing of post-sentencing motions is to provide the trial court with the first chance to correct any errors which might warrant an arrest of judgment or the grant of a new trial. In this case, the trial court has been deprived of this opportunity, albeit mistakenly, by virtue of appellant's premature appeal. More importantly, one of the issues raised by appellant relates to the weight of the evidence.

*Id.* at 160.

¶ 9 In the case *sub judice*, we likewise conclude the appeal must be quashed as premature, and that this case must be remanded to the trial court for further proceedings to provide it with the opportunity to rule on Appellant's post-sentencing motions including his challenge to the weight of the evidence. As we explained in *Borrero*, Appellant's post-sentence motions shall be deemed filed as of the date on which the certified record is returned to the trial court so as to allow for commencement of the 120–day period for ruling on those motions. Should the trial court thereafter deny those motions on the merits or by operation of law, Appellant

---

4. Counsel for Appellant appears to acknowledge in his brief that, in the present posture, his weight of evidence claim has not been preserved. Appellant's brief at 13.

will then have an opportunity to seek review in this Court.[5]

¶ 10 Appeal quashed. Case remanded. Jurisdiction relinquished.

5. We express no opinion on the merit of any of Appellant's contentions.