**SHELLY ENTERPRISES,
INC., Appellee**

v.

**Alberto GUADAGNINI, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 2011.

Filed May 4, 2011.

Robert D. Ardizzi, Conshohocken, for appellant.

Jane E. Leopold–Leventhal, Doylestown, for appellee.

BEFORE: GANTMAN, MUNDY, JJ., and McEWEN, P.J.E.

OPINION BY MUNDY, J.:

Appellant, Alberto Guadagnini, appeals from the order entered August 2, 2010, denying his motion to open judgment on the pleadings in this mechanics' lien case. Because the August 2, 2010 order is without legal effect, we lack jurisdiction to address this matter and quash the appeal.

A summary of the factual and procedural history of this case as revealed in the certified record follows. On August 12, 2009, Appellee, Shelly Enterprises, Inc. (Claimant), filed a mechanics' lien claim in the amount of $66,654.72 against Appellant for materials supplied as a subcontractor to Masterpiece Homes, Inc., for the construction and improvement of Appellant's real estate located at 4116 Goshen Road, Newtown Square, Delaware County, Pennsylvania. Certified Record (C.R.) at 1. On November 16, 2009, Claimant filed a complaint for an action upon mechanics' lien claim. C.R. at 5. Appellant filed an answer with new matter and a "joinder complaint of additional defendant Masterpiece Homes, Inc.," on December 10, 2009. C.R. at 6. On December 17, 2009, Claimant filed

a reply to Appellant's answer, new matter, and joinder complaint, averring in part that an attempt to join a different cause of action is prohibited by the Pennsylvania Rules of Civil Procedure governing mechanics' lien actions. C.R. at 7. *See* Pa. R.C.P. 1657 (prohibiting joinder of other causes of action to actions upon mechanics' liens). On January 20, 2010, Claimant filed a motion for judgment on the pleadings. C.R. at 11. Claimant's motion "was accompanied by not one but two conspicuous notices ... alerting [Appellant] that a response was required by February 9, 2010." Trial Court Opinion, 10/6/10, at 2; C.R. at 30. Appellant filed no response to Claimant's motion for judgment on the pleadings. On April 22, 2010, the trial court entered the following order.

> AND NOW, this 20th day of April, 2010, upon consideration of Plaintiff's Motion for Judgment on the Pleadings, and no response having been filed thereto, it is hereby **ORDERED** that the Motion is GRANTED and Judgment in the amount of $66,654.72 upon the Mechanics' Lien Claim in the above-captioned civil action is hereby entered in favor of Plaintiff, Shelly Enterprises, Inc., and against [Appellant] Alberto Guadagnini.

C.R. at 13.[1] No appeal was taken from the entry of judgment. On May 13, 2010, Claimant filed a praecipe for a writ of execution on the mechanics' lien judgment. C.R. at 15.

On June 9, 2010, Appellant filed a petition to open judgment on the pleadings, and on June 16, 2010, Claimant filed an answer. C.R. at 16, 17. The trial court conducted a hearing on July 23, 2010, and, after considering the parties' briefs and arguments, entered an order denying Appellant's petition on August 3, 2010. C.R. at 24. Appellant filed a notice of appeal on August 10, 2010. C.R. at 26. As directed by the trial court, Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 27, 2010. C.R. at 29. The trial court filed its Rule 1925(a) opinion on October 6, 2010. C.R. at 30.

Appellant identifies the following questions for review in this appeal.

1. Whether the trial court committed an abuse of discretion in not granting [Appellant's] petition to open the judgment on the pleadings because [Claimant] failed to properly serve the Mechanics' Lien Claim and therefore failed to properly perfect the lien as required by 49 P.S. § 1502, notwithstanding the fact that the petition was timely, raised a valid defense and [Appellant] explained that the defense was not raised purely because of the error of his prior counsel.

2. Whether the trial court committed an abuse of discretion in not granting [Appellant's] petition to open the judgment on the pleadings to raise a set-off regarding the costs of replacing defective materials supplied by [Claimant]

---

1. Notwithstanding the clear language in the trial court's order entering judgment, Claimant filed a "Praecipe to Enter Judgment Pursuant to Pa.R.C.P. 227.4(2)" on April 29, 2010. C.R. at 14. The prothonotary marked judgment entered on that date. *Id.* The rule, however, directs the prothonotary to enter judgment upon the praecipe of a party "when a court grants or denies relief **but does not itself enter judgment** or order the Prothonotary to do so." Pa.R.C.P. 227.4(2) (emphasis added). Consequently, Claimant's praecipe was unnecessary and the date of the entry of judgment is April 22, 2010. Adding further confusion to this case, the prothonotary incorrectly titled Claimant's praecipe, "Praecipe for Default Judgment" on the case docket. C.R. at docket. *See* Pa.R.C.P. 1037, 237.1 (addressing procedural requirements for filing praecipe for entry of default judgment). *See* discussion *infra*.

notwithstanding the fact that the petition was timely, raised a valid defense and [Appellant] explained that the defense was not raised purely because of the error of his prior counsel.

Appellant's Brief at 4.

Claimant poses the following counter-statement of a threshold issue presented by this appeal.

a) Whether the instant appeal should be quashed as untimely because it is, in essence, a belated collateral attack upon the final order entered on April 22, 2010?

Claimant's Brief at 1.[2]

Since the timeliness of Appellant's notice of appeal implicates this Court's jurisdiction to entertain the appeal, we address this issue first. *Commonwealth v. Mincavage*, 945 A.2d 233 (Pa.Super.2008). We begin our analysis by acknowledging that, on its face, the instant appeal is from the trial court's order denying Appellant's petition to open judgment on the pleadings. Such orders, although interlocutory, are appealable as of right.

### Rule 311. Interlocutory Appeals as of Right

(a) **General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(1) *Affecting judgments.* An order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed

until the court has disposed of each claim for relief.

Pa.R.A.P. 311(a)(1).

However, Claimant maintains that Appellant's petition to open judgment was not properly before the trial court. Appellee's Brief at 3, 4. The trial court, too, expressed reservations over the propriety of Appellant's petition.

First, we recognize the absence of appellate authority on the precise issue at the heart of the present appeal. That issue: whether we possess the power to adjudicate a Petition to Open a Judgment entered based upon a court Order granting an uncontested Motion for Judgment on the Pleadings. While we harbor some reservations about deciding an issue which fundamentally ignores the appeal procedures typically applicable in civil cases, we see no reason to treat a case in this particular procedural posture any differently than a case involving an effort to open any other judgment. As such, we accept the proposition that we could consider the Defendant's effort to Open the Judgment.

Trial Court Opinion, 10/6/10 at 4.

Whether the trial court should have entertained Appellant's petition to open judgment on the pleadings depends on the nature of its April 22, 2010 order.

"Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final]." *Simpson v. Allstate*

---

**2.** Prior to the parties filing their appellate briefs, this Court's central legal staff, by letter to Appellant's counsel, invited Appellant to address a concern, raised *sua sponte*, of whether the appeal "taken from the August [3], 2010 order denying [Appellant's] petition

to open the April [22], 2010 grant of [Claimant's] motion for judgment on the pleadings may be improper. . . ." Both parties sent reply letters addressing the issue and subsequently incorporated their positions in their respective briefs.

*Ins. Co.*, 350 Pa.Super. 239, 243–244, 504 A.2d 335, 337 (1986) (citations omitted). A judgment entered in an adverse proceeding becomes final if no appeal therefrom is filed within thirty days. 42 Pa. C.S.A. § 5505. Thereafter, the judgment cannot normally be modified, rescinded or vacated. *Simpson, supra,* 350 Pa. Superior Ct. at 244, 504 A.2d at 337.

In this Court's decision in *Simpson,* we stated that:

> Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, *the discretionary power of the court over such judgments is very limited.* Generally, judgments regularly entered on adverse proceedings cannot be opened or vacated after they have become final, *unless there has been fraud or some other circumstance "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court."*

*Simpson, supra,* 350 Pa. Superior Ct. at 245, 504 A.2d at 337. (citations omitted) (emphasis ours).

*Orie v. Stone,* 411 Pa.Super. 481, 601 A.2d 1268, 1270 (1992), *appeal dismissed as improvidently granted,* 533 Pa. 315, 622 A.2d 286 (1993).

Instantly, Appellant did not allege any extraordinary cause as a ground for opening the judgment on the pleadings.[3] Appellant defends the propriety of his petition to open judgment on the pleadings by characterizing the trial court's order granting judgment as a default judgment.

The Court of Common Pleas entered an order on April 22, 2010 granting [Claimant]'s motion for judgment on the pleadings. However, the motion was granted because prior counsel for [Appellant] failed to file an answer to the motion. Therefore, the April 22, 2010 order was in the nature of a default judgment. In fact, the docket entries for the case reflect that a Praecipe for Default Judgment was filed on April 29, 2010, the same date the judgment was entered on the docket.

Appellant's Brief at 9.

■ As noted above in footnote one, the docket entry titling Claimant's superfluous "Praecipe to Enter Judgment Pursuant to Pa.R.C.P. 227.4(2)" as a "Praecipe for Default Judgment" was erroneous. Although the trial court docket is part of the official record, when it is at variance with the certified record it references, the certified record controls. *See Delaware River Preservation Co., Inc. v. Miskin,* 923 A.2d 1177, 1179 n. 1 (Pa.Super.2007) (directing correction of docket where docket mischaracterized trial court order). Consequently, the erroneous docket entry in this case does not create a default judgment where the certified record indicates otherwise.

The question remains, however, whether under all the circumstances as reflected by the certified record, the trial court's April 22, 2010 order was nevertheless a grant of a default judgment, entered as a result of Appellant's failure to file a response to Claimant's motion, or an order granted in due course of an "adverse" proceeding. *See Orie supra.* Appellant cites *Dunham v. Temple University,* 288 Pa.Super. 522,

---

**3.** "The extraordinary cause referred to in *Simpson* and other cases is generally an oversight or action on the part of the court or the judicial process *which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the* *running of the appeal time is not known to the losing party." Orie, supra* at 1272, *quoting Luckenbaugh v. Shearer,* 362 Pa.Super. 9, 523 A.2d 399, 401 (1987), *appeal denied,* 518 Pa. 626, 541 A.2d 1138 (1988) (emphasis in *Orie* ).

432 A.2d 993 (1981) in support of his position. In *Dunham,* this Court addressed consolidated appeals from multiple orders in a defamation case. One of the orders appealed from was the trial court's denial of a petition to open a judgment entered on the pleadings. *Id.* at 996. Appellant argues, "[b]y reviewing the merits of the plaintiff's argument, the Superior Court [in *Dunham*] implicitly stated that a litigant could challenge the entry of a default judgment on the pleadings by filing a petition to open the judgment." Appellant's Brief at 10.

We conclude the facts in *Dunham* are distinguishable from those extant *sub judice.* In *Dunham,* the trial court entered judgment on the pleadings due to respondent's failure to file a timely brief in compliance with the local rule. The rule required the filing of briefs within a prescribed time in connection with various motions, including motions for judgment on the pleadings. *See* former Rule 302(d) of the Rules of Civil Procedure of the Montgomery County Court of Common Pleas. As sanction for non-compliance, the rule directed that the trial court "shall, without further notice, mark the ... judgment on the pleadings ... granted or dismissed depending upon which party does not comply...." *Id.*[4]

In the instant case, Appellant similarly failed to file a brief responding to Claimant's motion for judgment on the pleadings as required by local rule. In contrast to the local rule at issue in *Dunham,* however, the sanction relevant here is as follows. "If a reply memorandum has not been filed pursuant to the notice required by section (c) of this rule [requiring a reply memorandum be filed within 20 days of the service of a motion], the Court may dispose of the matter without such memorandum." **Rule 1028(c)(1)(e)(d)** of the Rules of Civil Procedure of the Delaware County Court of Common Pleas. In *Dunham,* the trial court entered judgment on the pleadings as a nondiscretionary consequence of respondent's failure to file a timely brief, *i.e.,* in default. Contrastingly, the trial court in this case addressed Claimant's motion on the pleadings on its merits, albeit without the benefit of Appellant's reply brief.

The Plaintiff[']s motion then carefully expressed Defendant's failure to object to the claim. The Motion delineated the absence of any challenge to: the Plaintiff[']s notice of intention to file the claim (49 Pa.Stat. § 1501); the actual notice and filing of the claim (49 Pa.Stat. § 1502); the claim's contents (49 Pa.Stat. § 1503); any failure to comply with the provisions of the Mechanics' Lien law or other showing that the Property was exempt or immune from lien (49 Pa.Stat. § 1505).

In the absence of a response, this court, on April 20, 2010 (well over two months after a response was due), through the Honorable George A. Pagano, issued an Order granting the Motion for Judgment on the Pleadings.

Trial Court Opinion, 10/6/10, at 2. Had the trial court, upon review of the pleadings, found that Claimant did not sustain its burden, it could have denied the motion.

Notwithstanding Appellant's failure to file a reply to Claimant's motion for judgment on the pleadings, the record reflects the trial court's disposition was the result of an "adverse" proceeding and not in default of Appellant's compliance. Conse-

---

4. The holding in *Dunham* and other cases affirming enforcement of local rules mandating strict enforcement of filing requirements was called into question as being contrary to the liberal construction precepts of the Rules of Civil Procedure in the case of *Dream Pools of Pennsylvania, Inc. v. Baehr,* 326 Pa.Super. 583, 474 A.2d 1131, 1134–1135 (1984).

quently, we conclude, absent a default judgment or a showing of extraordinary circumstances, the trial court lacked authority to entertain Appellant's petition to open judgment on the pleadings. Therefore, the trial court's decision to address Appellant's petition on the merits was without legal effect. *See Orie, supra* at 1272 (holding trial court's order to vacate judgment entered against additional garnishee in response to motion to compel payment was a nullity where judgment was not a default judgment, no extraordinary circumstances were alleged, and more than 30 days had elapsed from the date judgment was entered). We further conclude the trial court's order of August 3, 2010, denying Appellant's petition to open judgment, being a nullity, is not an interlocutory order appealable as of right under Pa.R.A.P. 311(a)(1). Rather, we agree with Claimant that under the circumstances of this case, Appellant's petition to open judgment on the pleadings was an untimely collateral attack on a final judgment. Being without jurisdiction to hear this matter, we quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judge GANTMAN concurs in the result.