J-A10029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CRISTAL A. SACHS | |
| Appellant | No. 1531 MDA 2014 |

Appeal from the Judgment of Sentence July 31, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003673-2012

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                                    **FILED JUNE 02, 2015**

Appellant, Cristal A. Sachs, appeals from the July 31, 2014 judgment of sentence of two years' probation imposed following her conviction for unauthorized use of automobiles and other vehicles.[1]  After careful review, we affirm.

We summarize the relevant factual and procedural background of this case as follows.  Appellant became acquainted and developed a friendship with Gerald Mikus through their workplace.  N.T., 6/10/14, at 21-22.  In May or June of 2012, Appellant informed Mikus that she was facing eviction from her residence, and Mikus offered to have Appellant and her daughter stay at his home until Appellant "got back on her feet."  *Id.* at 24, 33.  Mikus' home

---

[1] 18 Pa.C.S.A. § 3928.

was located in Plymouth, Pennsylvania, in Luzerne County. *Id.* at 20. Mikus owned a pick-up truck, his primary-use vehicle, and a 2001 white Saturn (the car). *Id.* at 26. Mikus gave Appellant permission to use the car for taking her daughter to and from school, to go grocery shopping, and to run errands, locally. *Id.* at 26-27.

In August 2012, Mikus returned home after work and found that the room Appellant shared with her daughter was empty. *Id.* at 28. Mikus described the home as looking "almost ransacked;" however, nothing of Mikus' from inside the home was missing. *Id.* All of Appellant and her daughter's possessions were gone, along with the car. *Id.* Mikus called Appellant every few days in an attempt to reach her, but she never answered any of his calls. *Id.* at 29. At one point, Appellant left a message on Mikus' answering machine while he was at work, but she did not mention the car or its whereabouts. *Id.* After approximately two weeks of trying to contact Appellant, Mikus called the police to report the car missing. *Id.*

Approximately one to two weeks after Mikus reported his car stolen, he began receiving citations from the Philadelphia Parking Authority. *Id.* at 30, 46. Mikus traveled to Philadelphia and recovered his car from the Parking Authority garage where it was being held. *Id.* At no point did Appellant contact Mikus about his car, nor had Mikus had any further contact from Appellant as of the time of trial. *Id.* at 30.

On September 7, 2012, the Commonwealth charged Appellant with the aforementioned offense.[2] Appellant proceeded to a two-day jury trial on June 9, 2014. At the conclusion of the trial, the jury found Appellant guilty of unauthorized use of automobiles and other vehicles. The trial court sentenced Appellant on July 31, 2014. Appellant filed a post-trial motion on August 5, 2014, and the trial court denied said motion on August 11, 2014. Appellant filed the instant, timely appeal on September 4, 2014.[3]

On appeal, Appellant raises the following issues for our review.

> [I.] Whether the Commonwealth failed to present evidence sufficient to establish beyond a reasonable doubt, pursuant to 18 Pa.C.S.[A.] § 3928(a), the *mens rea* element of the offense or that [Appellant] operated the vehicle without the consent of the owner?
>
> [II.] Whether the Commonwealth failed to present sufficient evidence to establish beyond a reasonable doubt that [Appellant] violated 18 Pa.C.S.[A.] § 3928(a) where [Appellant] demonstrated, pursuant to 18 Pa.C.S.[A.] § 3928(b), that she reasonably believed that the owner of the vehicle would have consented to her use of it had he known?

---

[2] We note that the docket reflects the criminal complaint was filed on September 10, 2012, while the criminal complaint was file-stamped on September 7, 2012. However, "[a]lthough the trial court docket is part of the official record, when it is at variance with the certified record it references, the certified record controls." **Shelly Enters., Inc. v. Guadagnini**, 20 A.3d 491, 494 (Pa. Super. 2011). As such, we deem September 7, 2012 the date the criminal complaint was filed.

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> [III.] Whether the trial court erred by failing to deliver to the jury the Pennsylvania Standard Criminal Jury Instruction 15.3928B (Unauthorized Use of Automobiles and Other Vehicles – Defense) where [Appellant] presented evidence that she believed the owner of the vehicle would have consented to her operation of the vehicle?

Appellant's Brief at 2.[4]

Appellant's first and second issues challenge the sufficiency of the Commonwealth's evidence, so we begin by outlining our well established standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted),

---

[4] For ease of our review, we have elected to review Appellant's issues in a slightly different order than they appear in her brief.

*appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" **Id.** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Orie***, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Appellant challenges her conviction for unauthorized use of an automobile, which is codified as follows.

> **§ 3928. Unauthorized use of automobiles and other vehicles**
>
> **(a) Offense defined.**—A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.
>
> **(b) Defense.**—It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known it.

18 Pa.C.S.A. § 3928. Further, "A conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle

without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle." ***Commonwealth v. Carson***, 592 A.2d 1318, 1321 (Pa. Super. 1991) (citation omitted), *appeal denied*, 600 A.2d 533 (Pa. 1991).

In Appellant's first sufficiency challenge, she argues, "the Commonwealth failed to present evidence to establish beyond a reasonable doubt that [Appellant] operated the vehicle without the permission of Mikus." Appellant's Brief at 9. Specifically, Appellant argues the evidence is insufficient to support the conviction because Appellant "had permission to use the vehicle, and the only real distinction is whether she had permission to take the car to Philadelphia." ***Id.*** at 9.[5] She argues, alternatively, "the Commonwealth failed to present evidence sufficient to establish beyond a reasonable doubt that [Appellant] knew or had reason to know that she lacked such permission." ***Id.*** at 11. We disagree.

At trial, Mikus testified as follows regarding Appellant's use of his car.

> [The Commonwealth]:
>
> Q.    And you tell [Appellant] she could use [the car]?
>
> [Mikus]:

---

[5] We note the only authority Appellant cites in this portion of her argument is ***Commonwealth v. Crooks***, 36 Pa.D.&C. 3d 209 (C.P. York 1984), which is not binding authority on this Court. ***See Barren v. Com.***, 74 A.3d 250, 254 n. 2 (Pa. Super. 2013) (observing that decisions from the courts of common pleas are not binding on the Superior Court).

A.     Yes.

Q.     How did he tell her she could use it?

A.     Basically[,] to take her daughter to school and grocery shopping or whatever else she needed it during the day.

Q.     Did you say, [“]You know what, [Appellant], you're living with me, your car now, take it[”]?

A.     No.  I never said that.  It was always in my name.

Q.     When you came home at night, would the car always be there?

A.     Yes, most of the time.  Yes.

…

Q.     So you give her permission to take the car to school, to the grocery store, around town?

A.     Uh-hum.

…

Q.     In around August of 2012, did there come a point where your car went missing?

A.     Yes.

Q.     Why don't you tell the jury how that happened?

A.     Well, I came home one night from my second job.  I came home, car wasn't on the street and nobody was in the house.  The little girl or [Appellant] were not in the house.  And then I went up to their room and the room was basically empty, everything that they had they took with them.

N.T., 6/10/14, at 26-29. Mikus further testified he tried to call Appellant every few days, and she did not answer his calls. *Id.* at 29. Appellant eventually called Mikus while he was at work and left a message, but she did not mention his car. *Id*. Two weeks after finding his car missing, Appellant contacted the police and reported that his car was missing. *Id.* The Commonwealth further questioned Mikus as follows.

[The Commonwealth]:

Q.    … Why did you eventually contact the police?

[Mikus]:

A.    Because I was getting no response to the calls [made to Appellant]. I was getting no response in the mail until I started getting those parking things[, *i.e.*, the Philadelphia Parking Authority citations].

Q.    You said that you assume that she went down to Philly to see a sick aunt. Did she ever say to you, ["]you know, I really need the car, I've got to go down to Philly, my aunt's sick["]?

A.    No.

Q.    Did she ever ask permission to go to Philly with the car?

A.    No.

Q.    Did she ever ask permission to take the car overnight?

A.    No.

---

Q. Did she ever ask to take the car in a way differently than the way she normally used it?

A. No.

*Id.* at 37.

Viewing the evidence and all reasonable inferences in the light most favorable to the Commonwealth, we conclude sufficient evidence was presented to prove beyond a reasonable doubt that Appellant operated the car without Mikus' consent and that Appellant knew his consent was lacking. **See Patterson**, **supra**. Mikus gave unequivocal testimony that Appellant did not have permission to take his car, drive to Philadelphia, and keep it from him for weeks. **See** N.T., 6/10/14, at 37. Further, the jury was free to infer that when Appellant left Mikus' home with her daughter, their possessions, and Mikus' car, and did not seek permission or respond to Mikus' repeated phone calls, she knew such permission was lacking. **See Watley**, **supra**. Accordingly, Appellant is not entitled to relief on this issue.

In Appellant's third claim of error, she argues the trial court erred by failing to deliver a requested jury instruction. Appellant's Brief at 13. We initially observe, "[o]ur standard of review when considering the denial of jury instructions is one of deference-an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." **Commonwealth v. Baker**, 24 A.3d 1006, 1022 (Pa. Super. 2011) (citation omitted). "Where a defendant requests a jury instruction on a defense, the trial court may not refuse to instruct the jury regarding the defense if it is

supported by evidence in the record." ***Commonwealth v. Clouser***, 998 A.2d 656, 658 (Pa. Super. 2010) (citation omitted), *appeal denied*, 26 A.3d 1100 (Pa. 2011). Further, "[w]hen there is evidence to support the defense, it is for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge." ***Id.*** (citation omitted). Moreover, "[t]he relevant inquiry for this Court when reviewing a trial court's failure to give a jury instruction is whether such charge was warranted by the evidence in the case." ***Commonwealth v. Baker***, 963 A.2d 495, 506 (Pa. Super. 2008) (citation omitted), *appeal denied*, 992 A.2d 885 (Pa. 2010).

Appellant's specific claim of error is that the trial court failed to deliver Pennsylvania Standard Criminal Jury Instruction 15.3928B, which follows.

> Evidence has been presented in this case that the defendant believed that the owner would have consented to the operation of the vehicle if [he] [she] had known about it. The effect of this evidence is to provide the defendant with a defense to the crime of unauthorized use of [an automobile] [a vehicle] provided that the defendant's belief was reasonable. Therefore, you should find the defendant not guilty unless you find beyond a reasonable doubt that the defendant did not believe that the owner would have consented to the operation of the vehicle if [he] [she] had known about it, or that such belief was unreasonable in the circumstances.

Pa.S.S.J.I (Crim.) 15.3928B (brackets in original). Appellant reasons, "the record reflects that the relationship between [Appellant] and Mikus was that of close friends who helped each other in times of need." Appellant's Brief at

- 10 -

14. She summarizes the evidence presented that would support the defense as follows.

> **It was Mikus'[] own testimony that, at the time of the incident, he was aware that [Appellant] had a sick relative in Philadelphia, and that when she left his home, he assumed that was where she went.** Additionally, according to both [Appellant] and Mikus, [Appellant] used the vehicle every day with Mikus' consent. The record reflects it was not unreasonable for [Appellant] to believe that Mikus **would have given his permission for her to drive to Philadelphia had she asked**; therefore[,] it was an abuse of discretion by the trial court to refuse to give Pennsylvania Standard Criminal Jury Instruction 15.3928B and permit the trier of fact to properly pass upon the evidence.

*Id.* at 14-15 (citations omitted, emphasis added).

As noted, it is a defense to the crime of unauthorized use of automobiles and other vehicles if Appellant "reasonably believed that the owner would have consented to the operation **had he known it.**" 18 Pa.C.S.A. § 3928(b) (emphasis added). However, Appellant's entire argument is not that Mikus did not know of her operation of his vehicle, but that he would have consented to her use of it had she sought such permission. *See* Appellant's Brief 13-15. Therefore, by Appellant's own argument, she is not entitled to the jury instruction, as the evidence does not support, nor does Appellant argue, that Mikus did not know Appellant

was operating his vehicle.[6]  ***See Clouser***, ***supra***.  Any attempt by Appellant to distinguish Mikus' knowledge of her operation of the vehicle, which the evidence amply establishes, and his consent to the operation had she sought permission is disingenuous, and no such distinction is implicated in the defense to the crime charged.  ***See*** 18 Pa.C.S.A. § 3928(b).  Accordingly, we discern no abuse of discretion by the trial court in its decision to not instruct on the defense to unauthorized use of automobiles and other vehicles.  ***See Baker***, ***supra***.

Lastly, we review Appellant's sufficiency challenge regarding her belief of Appellant's consent.  Appellant argues she "reasonably believed that the owner of the vehicle would have consented to her use of [the car] had he known."  Appellant's Brief at 11.  Therefore, she argues she has a defense to her conviction pursuant to Section 3928(b).  ***Id.***  at 12.

In the instant case, as demonstrated above, viewing the evidence in a light most favorable to the Commonwealth, the Commonwealth proved that Appellant operated Mikus' vehicle without his consent and that she knew or had reason to know such consent was lacking.  ***See Paterson***, ***supra***.  As such, the Commonwealth has met their evidentiary burden to convict Appellant of unauthorized use of automobiles and other vehicles.  Although

---

[6] Additionally we note, Officer Gina Kotowski of the Plymouth Borough Police Department testified that when Mikus reported the car missing, he advised her "[t]hat [Appellant] was sharing a home with [Mikus] and that [Appellant] took off with his car."  N.T., 6/10/14, at 42.

Appellant attempts to argue she proved the statutory defense to the crime, as discussed, the trial court properly denied Appellant's request to have the jury instructed on the defense. Therefore, she is not entitled to relief on this basis.

Based on the foregoing, we conclude Appellant's arguments on appeal do not entitle her to relief, and we affirm the July 31, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015