J-A07029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA NAVARRA, BY HER AGENT UNDER A DURABLE POWER OF ATTORNEY CHRYSTIE CLARKE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD E. NAVARRA AND PAULA NAVARRA AND NAVARRA INSURANCE ASSOCIATES, INC. | |
| Appellants | No. 620 WDA 2015 |

Appeal from the Judgment Entered March 17, 2015
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 10282 of 2013

BEFORE: BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 08, 2016**

Appellants, Richard E. Navarra, Paula Navarra, and Navarra Insurance Associates, Inc. (Navarra Insurance), appeal from the March 17, 2015 judgment for $255,000.00 entered against them and in favor of Appellee, Sandra Navarra, by her agent under a durable power of attorney, Chrystie Clarke, pursuant to the trial court granting Appellee's motion for judgment on the pleadings. After careful review, we affirm the judgment as modified herein.

The relevant facts and procedural history of this case are as follows. On March 20, 2013, Appellee filed a complaint against Appellants, alleging

that she and her then-husband, Fred Navarra,[1] personally guaranteed a loan taken by Navarra Insurance from First Commonwealth Bank (the Bank). When Navarra Insurance defaulted on the loan, the Bank applied a certificate of deposit held by Fred and Sandra for $200,000.00 against the balance of the loan. The Bank also obtained a judgment of $86,093.14 against Fred and Sandra. Thereafter, the Bank agreed to accept $55,000.00 from Fred and Sandra in satisfaction of the judgment. Accordingly, in this action, Appellee sought to recover $255,000.00 from Appellants.

On April 19, 2013, Appellants filed an answer and new matter. That same day, they also filed a complaint against Chrystie Clarke in her personal capacity. On May 13, 2013, Clarke filed preliminary objections to Appellants' complaint. On February 18, 2014, the trial court sustained these preliminary objections, granted Appellants leave to file a more specific complaint within 20 days, and directed Appellants to submit an amended answer with proper documentation. Appellants did not file an amended complaint. On May 9, 2014, after Appellants' time to file an amended complaint expired, Appellee and Clarke filed a motion for dismissal of the action against Clarke. Further, on June 10, 2014, Appellee filed a motion to strike Appellants' answer and

_____

[1] Fred and Sandra Navarra are the father and stepmother of Appellant Richard Navarra. Fred Navarra's estate was not a party to this action. Appellant Paula Navarra was married to Richard Navarra, but they are now divorced. We refer to these individuals by their first names because they have the same surname.

new matter. That same day, the trial court issued an order striking the answer and new matter, finding Appellants had not complied with its order to file amended pleadings by March 10, 2014.

On June 23, 2014, Appellee filed a motion for judgment on the pleadings. Appellants did not respond to the motion for judgment on the pleadings. Instead, on July 10, 2014, Appellants filed an answer to the motion to strike their answer and new matter, which requested that the trial court reopen the pleadings and permit Appellants to file an amended answer. The trial court set a briefing schedule on the request to reopen the pleadings and held argument on December 14, 2014. Thereafter, on December 22, 2014, the trial court entered an order denying said request. In that order, the trial court also scheduled argument on the motion for judgment on the pleadings.

After granting one continuance, requested by Appellants, the trial court held argument on the motion for judgment on the pleadings. Appellants never submitted a written response to the motion or a brief in opposition thereto. On March 17, 2015, the trial court entered an order granting the motion and entering judgment for $255,000.00 in favor of

J-A07029-16

Appellee and against Appellants. On April 16, 2015, Appellants filed a notice of appeal with this Court.[2]

On appeal, Appellants present the following issues for our review.

1. Whether the answer to paragraph 20 of [Appellants'] answer sufficiently alleges that [Appellee] had already been reimbursed for one of the annuities set forth in the prior pleadings, and should not have been stricken[?]

2. Whether the credit due to Richard E. Navarra for use of the hunting camp was sufficiently pleaded that it should not have been stricken[?]

3. Since the trial court held on page 9 of [its] opinion that "each couple's pro-rata share of the loan was 50%", whether [Appellee] should have been awarded reimbursement for only one-half of the payment due[?]

Appellants' Brief at 4 (some capitalization omitted).[3]

---

[2] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[3] Attorney Jonathan Solomon, who purported to represent all Appellants throughout the proceedings in the trial court, filed the notice of appeal in this case on behalf of all Appellants and submitted a brief to this Court on behalf of all Appellants. Thereafter, Paula obtained separate counsel, Attorney Stephanie Kramer. On May 29, 2015, Attorney Solomon withdrew his appearance for Paula, and Attorney Kramer substituted her appearance. That same day, Attorney Kramer filed a motion for leave to file a Rule 1925(b) statement. The trial court granted the motion, and Paula filed a supplemental Rule 1925(b) statement. Paula has also submitted a supplemental brief to this Court, containing one issue, that the trial court lacked personal jurisdiction over her because she was not served with the complaint. Paula's Supplemental Brief at 4. Instead, the sheriff served her by handing the complaint to Richard, Paula's ex-husband, at his residence. *Id.* However, Paula contends her actual residence is in Dallas, Georgia.
*(Footnote Continued Next Page)*

- 4 -

We address Appellants' first two issues together. Therein, Appellants contend that the trial court erred in striking two specific averments of its answer. However, Appellant did not preserve these issues below and they are therefore waived. On February 18, 2014, the trial court sustained Clarke's preliminary objections to the complaint and directed Appellants to file an amended answer with written documentation attached to support the facts averred therein within 20 days. Trial Court Order, 2/18/14, at ¶¶ 7, 9. Appellants did not submit an amended answer with supporting documentation. Because Appellants failed to comply with the trial court's order to file an amended answer, they have failed to preserve the sufficiency of their original answer for our review.

*(Footnote Continued)* ─────────────

The issues of personal jurisdiction and ineffective service may not be raised for the first time on appeal. Paula's supplemental brief contains a number of factual averments regarding her actual place of residence, her knowledge of this lawsuit, and Attorney Solomon's authority to act on her behalf. These facts do not appear on the face of the record, nor has a fact-finder determined them. Therefore, we will not consider them for the first time on appeal. However, our decision is without prejudice to Paula's right to file a petition to open the judgment after remand. *See **Shelly Enters., Inc. v. Guadagnini***, 20 A.3d 491, 494 (Pa. Super. 2011) (noting that final judgments in adverse proceedings generally cannot be opened or vacated unless there has been fraud or some other extraordinary circumstance) (citation omitted); *see also **Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 700 A.2d 915, 919 (Pa. 1997) (opining "if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment[]") (citations omitted).

Moreover, Appellants did not file a response to the motion to strike the answer and new matter until July 10, 2014, which was 30 days after the trial court had granted the motion to strike. In their response, Appellants represented that they did not file an amended answer because of ongoing global settlement negotiations. They did not argue that the allegations contained in the answer were sufficient. Instead, they asked the trial court to reopen the pleadings to allow them to file an amended answer with supporting documentation.[4] Appellants' Answer to Motion to Strike Answer and New Matter, 7/10/14, at 5.[5] The trial court denied the request to reopen. On appeal, Appellants cannot now assert for the first time that two of the averments in their original answer were sufficiently specific as alternate grounds to deny the motion to strike. Based on the foregoing, we conclude that Appellants have waived their first two issues presented on appeal because they did not preserve them in the trial court. *See* Pa.R.A.P. 302(a) (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").

_____

[4] On appeal, Appellants admit they did not file an amended answer because they did not have documentation to support the assertions contained in the original answer. Appellants' Brief at 2.

[5] We note that Appellants' answer to the motion to strike does not contain pagination. For ease of review, we have assigned each page a corresponding page number.

In their third issue, Appellants contend that the total judgment amount against Richard and Paula, in their individual capacity as guarantors of the loan, should be reduced by 50% because the loan was personally guaranteed by Richard and Paula, as a couple, and Sandra and Fred, as a couple. Appellants' Brief at 12. Appellee agrees that the amount the trial court assessed against Richard and Paula is incorrect, and the judgment should be reduced by one-half. Appellee's Brief at 18; *see also* Brief in Support of Appellee's Motion for Judgment on the Pleadings, 1/9/15, at 12-13 (requesting judgment against Richard and Paula for $127,500.00 and against Navarra Insurance for $255,000.00). We agree. In its opinion, the trial court stated that because both couples personally guaranteed the loan, "each couple's proportionate share of the loan was fifty percent." Trial Court Opinion, 3/17/15, at 9. Accordingly, Richard and Paula are jointly and severally liable for half of the $255,000.00 Sandra and Fred paid to the Bank to satisfy the default of Navarra Insurance, or $127,500.00. We will correct the trial court's mathematical error in calculating the judgment. *See Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 981-982 (Pa. Super. 2011) (modifying the amount of the judgment to correct a mathematical error), *affirmed*, 106 A.3d 656 (Pa. 2014), *cert. denied*, 83 U.S.L.W. 3747 (2016). The judgment against Navarra Insurance shall remain at $255,000.00 because Navarra Insurance is liable for the full amount paid in satisfaction of its default.

- 7 -

Based on the foregoing, we conclude Appellants have not preserved their first two issues for appellate review. Therefore, we affirm the judgment in favor of Appellee, but correct the amount of the judgment.

Judgment as modified affirmed.

Judge Bowes joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016