J-A15015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHEMSTCHAAS LAGBARA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NAJUMA-MAAT LAGBARA | : | |
| | : | |
| Appellant | : | No. 1403 EDA 2019 |

Appeal from the Order Entered May 3, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  01377 June Term, 2018

BEFORE:   LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                     **FILED AUGUST 14, 2020**

Appellant, Najuma-Maat Lagbara, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying her petition to strike the judgment entered in favor of Appellee, Shemstchaas Lagbara, in this quiet title action.  Because the order is without legal effect, we lack jurisdiction to address this matter and quash the appeal.

The relevant facts and procedural history of this appeal are as follows. Appellant and Appellee are siblings.  On January 14, 2014, their grandfather ("Decedent") died.  In his will, Decedent bequeathed real property, located at 1618 East Duval Street in Philadelphia, to the parties in equal parts.  On May 17, 2018, Appellant recorded a fraudulent deed to the property, which was

_____

[*] Retired Senior Judge assigned to the Superior Court.

allegedly signed by Decedent on December 27, 2013. The fraudulent deed gave sole possession of the property to Appellant, notwithstanding the provisions in Decedent's will. Another party, Walter Moody, notarized the fraudulent deed.

On June 13, 2018, Appellee filed a complaint against Appellant and Mr. Moody, including claims for quiet title, fraud, unjust enrichment, and violations of the statute governing the transfer of real property.[1] Appellee served Appellant with the complaint and a notice to defend on June 18, 2018. On August 17, 2018, Appellee filed a motion for entry of default judgment, alleging Appellant had failed to answer the complaint. That same day, Appellant filed a *pro se* answer, responding "N/A" to each paragraph in the complaint.

Following a case management conference, the trial court entered judgment on the pleadings against Appellant on September 13, 2018. The court also required the execution of a new deed to give each of the parties a one-half interest in the property, pursuant to the directive in Decedent's will. On September 27, 2018, the docket indicates the case was "reactivated," because the order entering judgment did not address Appellee's claims against Mr. Moody. Appellee subsequently filed a *praecipe* to dismiss Mr. Moody from the case on October 5, 2018. Thereafter, the docket includes an entry on

_____

[1] 12 Pa. C.S.A. § 5105.

February 13, 2019, confirming the September 13, 2018 entry of judgment against Appellant.[2]

In the meantime, counsel entered an appearance on behalf of Appellant. On March 4, 2019, counsel filed a petition to vacate the judgment on Appellant's behalf. On April 3, 2019, a second attorney filed a petition to strike or open the judgment on Appellant's behalf. The court denied Appellant's petition to vacate the judgment on April 15, 2019, and it denied the petition to strike or open the judgment on May 3, 2019.

On May 6, 2019, Appellant filed a notice of appeal from the order denying the petition to strike or open the judgment. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on May 8, 2019. On May 16, 2019, Appellant timely filed a Rule 1925(b) statement.

As a prefatory matter, we must first consider the timeliness of this appeal. "It is well-established that timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case."

---

[2] "Although the trial court docket is part of the official record, when it is at variance with the certified record it references, the certified record controls." *Shelly Enterprises, Inc. v. Guadagnini*, 20 A.3d 491, 494 (Pa.Super. 2011). Here, the February 13, 2019 docket entry refers to the judgment as a "court ordered default judgment." Nevertheless, the order entering judgment against Appellant explicitly granted judgment "[u]pon review of the [p]leadings." (Trial Court Order, filed 9/13/18, at ¶1). Consequently, the erroneous docket entry in this case does not create a default judgment where the certified record indicates otherwise.

***Affordable Outdoor, LLC v. Tri-Outdoor, Inc.***, 210 A.3d 270, 274 (Pa.Super. 2019) (internal quotation marks omitted). Further, the court may enter default judgment, on motion of a party, when a defendant fails to timely respond to a complaint. Pa.R.C.P. 1037(c). The Pennsylvania Rules of Appellate Procedure allow appeals as of right from interlocutory orders "refusing to open, vacate, or strike off a judgment." Pa.R.A.P. 311(a)(1).

In comparison, "[e]ntry of judgment on the pleadings is appropriate when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." ***Okeke-Henry v. Southwest Airlines, Co.***, 163 A.3d 1014, 1016-17 (Pa.Super. 2017).

> Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final]. **A judgment entered in an adverse proceeding becomes final if no appeal therefrom is filed within thirty days.** Thereafter, the judgment cannot normally be modified, rescinded or vacated.

***Shelly Enterprises, supra*** at 493-94 (internal citations and quotation marks omitted) (emphasis added).

"This doctrine, respecting judgments entered [in adverse proceedings], has a very definite function, namely, to establish a point at which litigants, counsel and courts ordinarily may regard contested lawsuits as being at an end." ***Simpson v. Allstate Ins. Co.***, 504 A.2d 335, 337 (Pa.Super. 1986).

> Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal

period has expired is not absolute, the discretionary power of the court over such judgments is very limited. Generally, judgments regularly entered on adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court.

**Shelly Enterprises, supra** at 494 (quoting **Orie v. Stone**, 601 A.2d 1268, 1270 (Pa.Super. 1992), *appeal dismissed as improvidently granted*, 533 Pa. 315, 622 A.2d 286 (1993)) (internal quotation marks omitted) (emphasis omitted).

"An oversight by counsel in failing to appeal does not constitute 'extraordinary cause' which permits a trial court to grant relief from a final judgment entered in a contested action." **Simpson, supra** at 337-38. Rather, "extraordinary cause … is generally an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." **Shelly Enterprises, supra** at 494 n.3 (quoting **Orie, supra** at 1272) (emphasis omitted).

Instantly, Appellant filed various petitions in the trial court as if a default judgment had been entered in favor of Appellee. The certified record, however, reflects that the court entered judgment on the pleadings against Appellant after an adverse proceeding. Appellant conceded "she learned of the fact that the judgment had been entered when she attended the case

- 5 -

management conference in September 2018." (Petition to Strike or Open Judgment, filed 4/3/19, at 13).[3] Thereafter, Mr. Moody was dismissed from the case, and the February 13, 2019 docket entry was added to confirm the judgment against Appellant. Significantly, Appellant did not file a notice of appeal within thirty days of either the entry of the order following the case management conference or the February 13, 2019 docket entry. Appellant has also failed to allege any extraordinary cause as a ground for opening the judgment on the pleadings. **See Shelly Enterprises, supra**; **Simpson, supra**.

Instead of filing a notice of appeal, Appellant filed a petition to vacate and a petition to strike or open the judgment. Absent a default judgment or a showing of extraordinary circumstances, the appeal period expired and the trial court lacked authority to entertain Appellant's petitions. **See id.** Consequently, the trial court's decision to address Appellant's petitions on the merits was without legal effect. **See Shelly Enterprises** at 496 (reiterating appellant's petition to open judgment on pleadings amounted to untimely collateral attack on final judgment). Being a legal nullity, the May 3, 2019 order denying Appellant's petition to strike or open the judgment was not an

---

[3] Moreover, the Prothonotary provided Appellant with notice of the entry of judgment by sending her a copy of the order that same day. **See** Pa.R.C.P. 236 (explaining prothonotary shall immediately give written notice of entry of judgment to each party, if unrepresented, and shall note giving of notice in docket).

interlocutory order appealable as of right under Pa.R.A.P. 311(a)(1). Therefore, this Court is without jurisdiction in this matter, and we quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judge Lazarus joins this memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/20