J-A28003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOPE CHATMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BAYADA HOME HEALTH CARE, INC., | : | No. 1115 EDA 2022 |

Appeal from the Judgment Entered April 8, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 180301183

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 28, 2023**

Hope Chatman appeals from the judgment[1] entered in favor of Bayada Home Health Care, Inc. ("Bayada"). Chatman now raises a challenge to the opening of a default judgment previously entered against her, as well as a challenge to a 2019 order of this Court remanding her case to the trial court. We conclude Chatman's claims do not entitle her to relief, and we affirm the judgment.

---

[1] Chatman purports to appeal from the March 31, 2022 order denying her post-trial motion. "[A]n appeal properly lies from the entry of judgment, not from the denial of post-trial motions." ***Croyle v. Dellape***, 832 A.2d 466, 470 (Pa. Super. 2003) (citation omitted). Because Bayada praeciped for entry of judgment, which was entered on the docket, the appeal is properly before us. We have corrected the caption to reflect the date on which judgment was entered.

This matter has a unique and meandering procedural history. Chatman served as a marketing manager for Bayada. She initiated the underlying action in 2018 by filing a complaint alleging wrongful termination. Chatman claimed she was discharged in retaliation for notifying her supervisor that she would be filing a claim under the Workers' Compensation Act for a work-related injury.

Chatman later filed a motion for default judgment and, approximately two weeks later, a motion for summary judgment due to Bayada's failure to respond to her complaint. Each motion was assigned to a separate judge. The trial court denied without prejudice the motion for default judgment, noting a potential problem with service of original process. *See* Order, 5/22/18. Chatman subsequently supplemented the record with additional information about her effort to serve Bayada, but did not inform the summary judgment judge of the ruling on the motion for default judgment. The trial court subsequently entered summary judgment in favor of Chatman in the amount of $12 million on June 18, 2018.

Twenty-three days later, Bayada filed a petition to open and set aside the judgment, citing improper service of the complaint. Bayada also argued it did not receive Chatman's first interrogatories and request for production, the motion for entry of default judgment, the motion for summary judgment, or notice of the scheduled case management conference. The trial court denied Bayada's petition to open the judgment. On appeal, this Court *sua sponte*

vacated the order denying the petition to open and remanded the case to the trial court. **See Chatman v. Bayada**, 3037 EDA 2018 (Pa. Super. filed January 9, 2019) (unpublished order).

On remand, the trial court conducted a hearing to develop a record on the issue of service of process. During the April 25, 2019 hearing, the parties disputed whether the June 18, 2018 order constituted a grant of summary judgment or a grant of default judgment. **See** N.T., Hearing, 4/25/19, at 4-15. The parties offered extensive testimony on the issue of service of process. The trial court granted Bayada's petition to open, vacated the order entering summary judgment, and stayed discovery. Chatman filed a petition for amendment of interlocutory order, asking the trial court to certify pursuant to 42 Pa.C.S.A. § 702(b) that an immediate appeal would materially advance the termination of the matter. The court denied the petition.

Bayada filed an answer and new matter in response to Chatman's complaint. The trial court conducted a bench trial on the merits of Chatman's claims in December 2021. Ultimately, the trial court entered a verdict in favor of Bayada and issued its findings of fact and conclusions of law. Chatman filed a motion for post-trial relief, which the trial court denied. Chatman subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

Chatman now raises the following issues for our review:

1. [Did the] trial court err and abuse its discretion by vacating an order granting summary judgment when [Bayada] (a) was served

with original process at the address of its corporate office, (b) filed an improper petition to open, and (c) did not appeal the order granting summary judgment?

2. Did [the Superior Court] err and abuse its discretion by *sua sponte* remanding this matter to the trial court based upon a letter from the trial court *de hors* the record?

Appellant's Brief at 5.

We first address Chatman's issue 1(c), as that issue implicates the trial court's jurisdiction to entertain Bayada's petition to open. ***See Shelly Enters., Inc. v. Guadagnini***, 20 A.3d 491 (Pa. Super. 2011). Chatman asserts the trial court erred by vacating its June 18, 2018 order granting summary judgment in her favor. ***See id.*** at 18-38. Chatman contends that since this was not a default judgment, Bayada was required to file an appeal rather than file a petition to open. We disagree.

Chatman filed her wrongful termination complaint on March 13, 2018. She filed a motion for default judgment on April 26, 2018, alleging that Bayada had failed to respond to her complaint. ***See*** Motion for Default Judgment, 4/26/18, ¶ 2. However, the text of the motion requests entry of summary judgment. ***See id.*** at p. 1 and ¶ 5.[2]

---

[2] Chatman also asserts that Bayada made several specific admissions by failing to answer the complaint. ***See*** Motion for Default Judgment, 4/26/18, ¶ 4. It appears that Chatman has conflated the entry of default judgment for failure to file a responsive pleading with the effect of general denials contained in responsive pleadings under Pa.R.Civ.P. 1029. Because Bayada did not file an answer, Rule 1029 is not applicable.

On May 15, 2018, Chatman filed a motion for summary judgment, arguing that Bayada's failure to respond resulted in several specific admissions. ***See*** Motion for Summary Judgment, 5/15/18. Chatman also claimed she was injured in the amount of $12 million, without any explanation of how she calculated that figure. ***See id.***, ¶ (2)(f); ***see also*** N.T., Hearing, 4/25/19, at 65 (wherein the trial court stated "a 12-million-dollar figure was never mentioned in the complaint").[3]

The trial court's first order denied Chatman's motion for default judgment because "[t]he affidavit of service of original process is inadequate for the [c]ourt to determine whether proper service has been made. ***See*** Pa.R.Civ.P. 405(b). Specifically, the address served is different from the address specified for delivery and no explanation is offered." Order, 5/22/18. Approximately one month later, a different trial court judge granted summary judgment in favor of Chatman in the amount of $12 million.

Despite Chatman's use of the term summary judgment, her motion for summary judgment is more accurately construed as a motion for default judgment. To interpret Chatman's motion as one seeking summary judgment would be to elevate form over function. The underlying judgment entered on

---

[3] Under the Rules of Civil Procedure, a motion for summary judgment is not a pleading. ***See*** Pa.R.Civ.P. 1017. Further, Chatman's motion does not include a verification. ***See*** Pa.R.Civ.P. 1024(a) ("Every pleading containing an averment of fact not appearing of record in the action … shall state that the averment … is true upon the signer's personal knowledge or information and belief and shall be verified.").

June 18, 2018 was effectively a default judgment. The important distinction is whether the judgment was entered pursuant to an "adverse proceeding." *See Shelly*, 20 A.3d at 494. An adverse proceeding involves a decision on the merits, in contrast with a decision made as a consequence of a party's failure to comply with a procedural rule. *See id.* at 495.

Here, Chatman's motion for summary judgment relied exclusively on Bayada's procedural defaults, especially Bayada's failure to respond to Chatman's discovery requests. *See* Motion for Summary Judgment, 5/15/18, at ¶ 2 ("[Bayada] failed to respond within the time governed by the Pennsylvania Rules of Civil Procedure thereby admitting: [a list of ten material facts.]"). Accordingly, the order granting summary judgment was not a resolution on the merits, but rather a resolution based on Bayada's default. As such, the trial court had jurisdiction to entertain Bayada's petition to open. *See Shelly*, 20 A.3d at 494-95 (distinguishing *Dunham v. Temple Univ.*, 432 A.2d 993 (Pa. Super. 1981)).

Having determined that the trial court had jurisdiction to grant Bayada's petition to open a default judgment, we turn to Chatman's remaining claims. Chatman claims she properly and timely complied with the requirements for service of original process, and Bayada's objections to service were "hyper[-]technical." *See id.* at 18-27.

By contrast, Bayada contends that because it was not properly served with the complaint, the trial court lacked personal jurisdiction over Bayada at the time it entered the default judgment. **See** Appellee's Brief at 15-21.

We review a trial court's grant of a petition to open a default judgment for an abuse of discretion:

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. … A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

**Smith v. Morrell Beer Distribs., Inc.**, 29 A.3d 23, 25 (Pa. Super. 2011) (citation and paragraph break omitted).

We first address the jurisdictional challenge. **Digital Comms. Warehouse, Inc. v. Allen Invs., LLC**, 223 A.3d 278, 288 (Pa. Super. 2019) (stating that "where the party seeking to open a judgment asserts that service was improper, a court must address this issue first, before considering any other factors."). Our procedural rules regarding service of process must be strictly followed, as "[w]ithout valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." **Cintas Corp. v. Lee's Cleaning Servs., Inc.**, 700 A.2d 915, 917-18 (Pa. 1997); **see also Mischenko v. Gowton**, 453 A.2d 658, 660 (Pa. Super. 1982) (plurality) ("If valid service has not been made and the defendant is wholly

without notice of the proceedings against him, then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him." (citation omitted)). If a judgment is entered against a party over which the court lacked jurisdiction, the judgment is void *ab initio*. **See Digital Comms.**, 223 A.3d at 285.

Here, the trial court concluded that "service of the initial [c]omplaint in this matter was not in proper accordance with the Pennsylvania Rules of Civil Procedure." Trial Court Opinion, 7/15/22, at 9. The court explained as follows:

> Explicitly, the notes of testimony show that service was not properly effectuated upon [Bayada] and that [Chatman's] service of the initial complaint was accompanied by several defects. This includes a lack of an adequate notice to defend, as well as a discrepancy concerning where the complaint was delivered and where it was actually served. Testimony from the parties clearly shows the complaint was mailed to 101 Executive Drive[,] Morristown, NJ 08057. However, the return receipt for [Chatman's] certified mailing reflects that both the mailing and the complaint were actually delivered to 4300 Haddonfield Road, Pennsauken, NJ. The record also demonstrates that the certified mailing in this case contained a postal stamp from the **Moorestown** New Jersey Post Office rather than from the **Morristown** New Jersey Post Office to which [Chatman] had addressed her initial complaint, or the Pennsauken Office where point of delivery was acknowledged. Further testimony also demonstrates the notice to defend accompanying [Chatman's] initial complaint did not contain a proper Spanish translation as required by Philadelphia Local Rule 1018.1. The testimony also shows the notice did not contain clear affirmative language informing [Bayada] of the need to take action or otherwise respond. Given the numerous irregularities existing in the record concerning service of the complaint[,] this court properly vacated judgment. …

*Id.* at 9-10 (emphasis in original; footnotes and some capitalization omitted).

The trial court also explicitly did not find Chatman's counsel testimony to be

credible. **See** N.T., 4/25/19, at 109. The irregularities in service noted by the trial court, combined with its credibility determination, are sufficient to support the court's conclusion that Bayada was entitled have this case decided on the merits. We therefore cannot conclude the trial court abused its discretion in opening the judgment on this record.

In her second claim, Chatman contends this Court erred by vacating the trial court's denial of Bayada's petition to open and remanding the matter to the trial court, based on a letter sent from the trial court to this Court requesting a remand. **See** Appellant's Brief at 38-44.

We conclude this issue is waived as a result of Chatman's failure to challenge our prior order in a timely manner. This Court entered the *per curiam* order on January 9, 2019. The record contains no indication that Chatman sought review of our prior order either by filing an application for reconsideration with this Court, or by seeking allowance of appeal in the Pennsylvania Supreme Court.[4] **See** Pa.R.A.P. 2542(a)(1) (an application for reargument must be filed in appellate court within 14 days after the entry of judgment or other order); Pa.R.A.P. 1113(a) (requiring a petition for allowance of appeal to be filed in the Supreme Court within 30 days of the

---

[4] Chatman does not reference her prior attempt to reinstate the appeal at this Court's docket number 3037 EDA 2018. Our own review of 3037 EDA 2018 reveals that Chatman filed a petition to reinstate the appeal on May 28, 2019. This Court denied her petition. In any event, this sole attempt to seek any form of review was filed well after the time for requesting reconsideration or filing a petition for allocatur.

entry of the Superior Court's order). We can therefore no longer address this claim.

Chatman raises a third issue in her appellate brief, in which she generally argues the trial court exhibited bias against her. ***See*** Appellant's Brief at 45-48. However, Chatman did not include this claim in her statement of questions involved, nor did she explicitly preserve this issue in her Rule 1925(b) concise statement. Therefore, to the extent Chatman wishes to present a new issue for the first time on appeal, her claim is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived.").

Based upon the foregoing, we affirm the judgment entered in favor of Bayada.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023

- 10 -